UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| N. S B,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN PASCARELLA, et al.,<br><br>　　　　　Defendants. | No. 2:20–cv–29–KJM–KJN (PS)<br><br>ORDER ON DEFENDANTS'<br>MOTION TO TRANSFER VENUE<br><br>(ECF No. 4) |

　　　　Plaintiff, proceeding pro se, filed a case in California Superior Court against defendant Pascarella under the Americans with Disabilities Act and the Rehabilitation Act. On January 3, 2020, defendant removed to this court. (ECF No. 1.) On January 9, defendant filed a motion to dismiss and motion to transfer venue under 28 U.S.C. § 1404.[1] (ECF Nos. 4, 6.) After being granted multiple extensions to respond, plaintiff's opposition to these motions was due by June 18, 2020. (ECF No. 13.) Instead of responding, plaintiff filed a first amended complaint, asserting his wish to amend as a matter of right. (ECF No. 16.)

　　　　For the reasons below, the court transfers this case to the Central District of California.

---

[1] This case was referred to the undersigned pursuant to Local Rule 302(c)(21). Because an order transferring venue pursuant to 28 U.S.C. § 1404(a) does not address the merits of the case, it is a non-dispositive matter that is within the province of a magistrate judge's authority. See Pavao v. Unifund CCR Partners, 934 F.Supp.2d 1238, 1241 fn.1 (S.D. Cal. 2013) (collecting cases and citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72).

1

**I.     Motion to Transfer**

**Legal Standard**

Title 28 U.S.C. § 1404(a) provides in relevant part: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). This statute partially displaces the common law doctrine of forum non conveniens. See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986). The purpose of § 1404(a) is "to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." Stewart Organization, Inc. v. RICOH Corp., 487 U.S. 22, 29 (1988).

In order to transfer a case under § 1404(a), the "defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." Decker, 805 F.2d at 843. In deciding whether to transfer under § 1404(a), courts may consider: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the forum's contacts with the plaintiff's cause of action; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (8) the ease of access to sources of proof; (9) the presence of a forum selection clause (which is a "significant factor"); (10) the relevant public policy of the forum state, if any; (11) convenience of the parties; (12) convenience of the witnesses; (13) local interest in the controversy; (14) court congestion of the two forums; and (15) feasibility of consolidating other claims. See Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000); Hawkins v. Gerber Prods. Co., 924 F.Supp.2d 1208, 1213 (S.D. Cal. 2013); Barnes & Noble, Inc. v. LSI Corp., 823 F.Supp.2d 980, 994 (N.D. Cal. 2011); Metz v. United States Life Ins. Co., 674 F.Supp.2d 1141, 1145-46 (C.D. Cal. 2009).

///

**Analysis**

There is no dispute as to whether this case might have been brought in the Central District of California. Subject matter jurisdiction would be proper in the Central District for the same reasons as exist for this district. Plaintiff lists two claims under the Americans with Disabilities Act and Rehabilitation Act, and so federal question jurisdiction lies. As to the propriety of venue in the Central District, the question is whether "a substantial part of the events or omissions giving rise to the claim occurred in that district." See Myers v. Bennett Law Offices, 238 F.3d 1068, 1075 (9th Cir. 2001). As alleged, it is clear a substantial portion of the events surrounding plaintiff's claims took place on the campus of the University of Southern California's Rossier School of Education, located in Los Angeles.

Because the Central District could exercise jurisdiction and venue is proper there, the court now turns to an analysis of whether transfer to the Central District is appropriate under 28 U.S.C. § 1404(a).

**A. Factors that favor transfer.**

According to plaintiff, he at first negotiated for leave from his graduate studies while a student, and then upon his return to school attempted to engage in the interactive process regarding alleged disabilities. (See ECF No. 16.) Plaintiff alleges the school refused to accommodate him, and he was therefore forced out of the program. The court makes no comments on the viability of these claims, but accepting the facts as true for purposes of defendants' motion, it is clear that a substantial—if not all—of the discussions surrounding plaintiff's claims took place in the Central District. Plaintiff relies heavily on his discussions with defendants Pascarella and Gibson in supporting his claims, as Pascarella was the chair of the department and Gibson was the dean and each were allegedly the points of contact with plaintiff.

Based on this summary and the facts stated in plaintiff's first amended complaint, it is clear that any relevant agreements were negotiated in the Central District, the majority of the parties are located there, and plaintiff's causes of action have more connection there. Critically, it appears that most of the witnesses—including university staff and professors, former employees, and the University's internal investigator—all reside in the Central District. (See ECF No. 4 at

¶¶ 8-9.). As plaintiff did not respond to this motion, and he mentions no other witnesses that might be in the Eastern District, the court can only assume that aside from himself, most of the key witnesses reside in Los Angeles. Vesta Corp. v. Amdocs Mgmt., 129 F.Supp.3d 1012, 1036 (D. Or. 2015) ("The convenience of 'key witnesses' is accorded greater weight than 'non-key witnesses.'"); see also Metz, 674 F.Supp.2d at 1147. ("The convenience of non-party witnesses is a more important factor than the convenience of party witnesses."). Finally, while it is likely that most of the documentary evidence is in electronic form—which can easily be "transported" and printed without great difficulty, any physical records would likely be maintained at the University's campus in Los Angeles. Cf. Critters of the Cinema, Inc. v. Nestle Purina Petcare Co., 2016 WL 2990619, at *7 (E.D. Cal. May 24, 2016)) (electronic documents easily transportable); with Roe v. Intellicorp Records, Inc., 2012 WL 3727323, at *3 (N.D. Cal. Aug. 27, 2012) (documents pertaining to defendants' business practices are most likely to be found at their principal place of business).

Thus, factors (1), (4), (5), (8), (12), and (13) weigh in favor of transfer.

**B. Factors that support denial of transfer.**

Plaintiff's choice of forum weighs in favor of a denial of transfer. Generally, a plaintiff's choice of forum is given substantial weight. See Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987). However, other considerations may lessen the weight to be given a plaintiff's choice. See Park v. Dole Fresh Vegetables, Inc., 964 F.Supp.2d 1088, 1094 (N.D. Cal. 2013). One such consideration is if the conduct giving rise to the plaintiff's claims occurred in another forum. Id.; see also Critters, 2016 WL 2990619 at *5; Williams v. Bowman, 157 F.Supp.2d 1103, 1107 (N.D. Cal. 2001). Further, as plaintiff is proceeding pro se and has brought claims against the University, it is clear that, cost wise, it would be better for plaintiff's case to remain closer to him. See In re Ferrero Litig., 768 F. Supp. 2d 1074, 1081 (S.D. Cal. 2011) (as to costs, the factor should weigh against a party if that party is "better-equipped than individuals to absorb increased litigation costs.") Thus, factors (3) and (6) support a denial of transfer.

However, given the earlier summation of plaintiff's claims, it is clear that aside from the location of plaintiff's residence, there is very little else connecting this case to the Eastern District

4

of California.  It appears almost all of the events alleged in connection with plaintiff's claims took place in Los Angeles, and the only reason the case is before the undersigned is because plaintiff originally filed in the Solano County Superior Court (from which defendants properly removed). (See ECF No. 1).  Park, 964 F.Supp.2d at 1094; Critters, 2016 WL 2990619 at *5; Williams, 157 F.Supp.2d at 1107.

### C. Factors having no bearing on transfer.

The remaining factors — (2), (7), (9), (10), (11), (14), and (15) — are neutral.  Both districts are located in California, and so all state-oriented factors are neutral.  There is no forum selection clause or consolidation issues that either party has mentioned.  Both the Eastern District and Central District are congested, so no efficiency is saved in either forum.  Finally, while the Eastern District may be more convenient for plaintiff, who is now a resident of Solano County, the defendants are residents of Los Angeles; thus, factor (11) balances.[2]

### Conclusion

Factors (1), (4), (5), (8), (12), and (13) weigh in favor of transfer.  Factors (3) and (6) support a denial of transfer.  The remaining factors — (2), (7), (9), (10), (11), (14), and (15) — are neutral.  Thus, on balance, the factors support transfer.  The court is acutely aware of plaintiff's pro se status and choice of forum.  However, without more tying his cause of action to the Eastern District, the undersigned cannot say that the administration of justice requires the case remain here.   Defendants have made their "strong showing" in favor of transfer.  Decker, 805 F.2d at 843.  Therefore, this case will be transferred to the Central District of California.

### II.     Motion to Dismiss under Rule 12(b)(6)

Defendants contemporaneously filed a Rule 12(b)(6) motion to dismiss alongside its Section 1404(a) motion to transfer.  The Court expresses no opinion on the merits of this motion, but administratively denies it without prejudice; the parties may raise these issues in the Central District of California if they so choose.

---

[2] See, e.g., Table–U.S. District Courts–Civil Cases Filed, Terminated, and Pending, by Jurisdiction (2019), located at https://www.uscourts.gov/report-names/federal-judicial-caseload-statistics.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to transfer to the Central District of California (ECF No. 4) is GRANTED;

2. Defendants' motion to dismiss (ECF No. 6) is DENIED WITHOUT PREJUDICE— for administrative purposes only;

3. Pursuant to 28 U.S.C. § 1404(a), this matter is TRANSFERRED forthwith to the Central District of California; and

4. The hearing on defendants' motions, currently set for July 2, 2020, is VACATED.

Dated: June 26, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

nsb.29